In the United States Bankruptcy Court
For the District of Maryland

In Re: Mark A. Broadwater                                    Case No. 15-16562
                                                             Chapter 13
    Debtor(s)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the attached CHAPTER 13 PLAN was sent electronically via ECF and/or first class mail, postage pre-paid to the below listed parties the 21st day of May, 2015.

                                             /S/ James R. Logan
                                         James R. Logan
                                         Attorney for the Debtor
                                         2419 Maryland Avenue
                                         Baltimore, MD 21218
                                         (410) 243-1508

Ellen W. Cosby, Trustee
Via ECF

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0416-1<br>Case 15-16562<br>District of Maryland<br>Baltimore<br>Thu May 21 09:56:51 EDT 2015 | Bank of America, N.A.<br>McCabe, Weisberg & Conway<br>c/o Kyle J. Moulding, Esq.<br>312 Marshall Avenue<br>Suite 800<br>Laurel, MD 20707-4808 | Asset Acceptance<br>Attn: Bankrupcy Dept<br>Po Box 2036<br>Warren, MI 48090-2036 |
| Bank of America<br>Attn: Correspondence Unit/CA6-919-02-41<br>Po Box 5170<br>Simi Valley, CA 93062-5170 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Cap1/ymaha<br>Po Box 30253<br>Salt Lake City, UT 84130-0253 |
| Carroll County<br>County Attorney's Office<br>225 N. Center Street<br>Westminster, MD 21157-5194 | Comptroller of the Treasury<br>Compliance Division, Room 409<br>301 W. Preston Street<br>Baltimore, MD 21201-2305 | Credit Coll USA<br>Ccusa/Attn:Bankruptcy<br>16 Distributor Dr Ste 1<br>Morgantown, WV 26501-7209 |
| (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Hsbc Bank<br>Po Box 9<br>Buffalo, NY 14240-0009 | Hsbc/rmstr<br>95 Washington Street<br>Buffalo, NY 14203-3006 |
| IC System<br>Attn: Bankruptcy<br>444 Highway 96 East; Po Box 64378<br>St. Paul, MN 55164-0378 | Market Usa Federal Cu<br>8871 Gorman Rd Ste 100<br>Laurel, MD 20723-5877 | Pnc Bank<br>2730 Liberty Ave<br>Pittsburgh, PA 15222-4747 |
| R & R Prfssnl Recovery<br>1500 Reierstown Rd<br>Pikesville, MD 21208-4339 | Sears/cbna<br>Po Box 6283<br>Sioux Falls, SD 57117-6283 | State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 |
| Syncb/walmart<br>Po Box 965024<br>Orlando, FL 32896-5024 | Universal Collction Sv<br>5707 Calverton St Ste 2a<br>Baltimore, MD 21228-1772 | Wells Fargo<br>Attention: Bankruptcy MAC# X2303-01<br>Po Box 41169<br>Des Moines, IA 50328-0001 |
| Wells Fargo<br>Wells Fargo Bank<br>Mac X2505-033 Pob 10438<br>Des Moines, IA 50306 | Wellsfargo<br>800 Walnut St<br>Des Moines, IA 50309-3605 | Westminster Bank & Tr<br>71 E Main St<br>Westminster, MD 21157-5026 |
| Ellen W. Cosby<br>300 E Joppa Road, Suite 409<br>Towson, MD 21286-3005 | James R. Logan<br>James R. Logan P.A.<br>2419 Maryland Avenue<br>Baltimore, MD 21218-5017 | Mark A Broadwater<br>511 Locust Avenue<br>Westminster, MD 21157-6210 |

        The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
        by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bk Of Amer                    Discoverbank                  End of Label Matrix
Po Box 982235                 Po Box 15316                  Mailable recipients   26
El Paso, TX 79998             Wilmington, DE 19850          Bypassed recipients    0
                                                            Total                 26
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

In Re:   Mark A. Broadwater          *

                                              *   Case No.   15-16562

                                              *   Chapter   13

                                              *

        Debtor          *

## CHAPTER 13 PLAN

  _X_   **Original Plan**   ____ **Amended Plan**   __ **Modified Plan**

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a. $ _300.00_ per month for a term of __60__ months. OR

   b. $_____ per month for _____ month(s),
      $_____ per month for _____ month(s),
      $_____ per month for _____ month(s), for a
      total term of _____ months. OR

   c. $_____ per month prior to confirmation of this plan, and
      $_____ per month after confirmation of this plan, for a total term of
      _____ months (if this option is selected, complete 2.e.i).

2. From the payments received, the Trustee will make the disbursements in the order described below:

   a. Allowed unsecured claims for domestic support obligations and trustee commissions.

   b. Administrative claims under 11 U.S.C. §507(a)(2), including attorney's fee balance of $__3,353.00*__ (unless allowed for a different amount by an order of court). (*To be paid in accordance with Paragraph 4B of Local Rule Appendix F.)

   c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $_____.

   d. Other priority claims defined by 11 U.S.C. §507(a)(3)-(10). The Debtor anticipates the following priority claims: None.

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

      i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii and 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| | | |

      ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| Bank of America | $8,500.00 | | |

      iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| | | | | |

      iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

      v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

              Claim of Capital One secured by 02 Yamaha.

      vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

      vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, allowed general, unsecured claims will be paid pro rata. (If there is more than one class of unsecured claims, describe each class.)

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

   Motion to Avoid Lien of FIA Card Services. Secured value is $0.00.

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post- petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8. Non-standard Provisions:


___5/18/15___                              /S/ Mark A. Broadwater___
Date                                        Debtor


___/S/ James R. Logan___                    _____
Attorney for Debtor                         Joint Debtor